UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

PETER AUGUSTIN,

           Plaintiff,

- against -

CREDIT COLLECTION SERVICES,

           Defendant.
———————————————————————X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-5793 (CBA) (VMS)

**AMON, United States District Judge:**

On October 11, 2016, pro se Plaintiff Peter Augustin filed this action against, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for a September 28, 2016 debt collection letter he received. Before the Court is Plaintiff's request to proceed in forma pauperis. For the reasons set forth below, the Court denies the application.

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350 plus an additional cost of $50, for a total of $400. Under § 1915, the Court has the discretion waive the filing fee upon finding a plaintiff indigent. "Leave to proceed in forma pauperis may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore.'" Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (emphasis in original) (quoting 28 U.S.C. § 1915(a)(1)).

In his application to proceed in forma pauperis, Plaintiff declares that his weekly income is $100.00 from Searchlink LLC, and that he has $5.64 in his cash or bank account. Plaintiff declares that he has no other income or assets and has no expenses. Plaintiff fails to provide the Court with any more information.

1

Normally, the Court would credit such declarations. However, the Court in this case takes judicial notice of prior litigation initiated by Pierre Augustin, whose name is strikingly similar to Plaintiff's. Before this Court, Pierre Augustin has filed 12 cases with claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1618 et seq.: Augustin v. Equifax, No. 12-CV-3803 (CBA); Augustin v. Experian, No. 12-CV-3804 (CBA); Augustin v. Transunion, No. 12-CV-3805 (CBA); Augustin v. Calvary Portfolio Svcs, No. 12-CV-6067 (CBA); Augustin v. Receivables Perform Mgnt, No. 12-CV-6068 (CBA); Augustin v. Equable Ascent Financial, No. 12-CV-6069 (CBA); Augustin v. Portfolio Recovery Associates, LLC, No. 12-CV-6070 (CBA); Augustin v. Midland Credit Mgmt., No. 12-CV-6071 (CBA); Augustin v. Capitol One US Card, No. 14-CV-179 (CBA); Augustin v. Enhanced Recovery Company, LLC, No. 14-CV-180 (CBA); Augustin v. P&B Capital Group, LLC, No. 14-CV-181 (CBA); and Augustin v. Apex Financial Management, No. 14-CV-182 (CBA). In each of the 12 cases, Pierre Augustin filed an application to proceed in forma pauperis.

Although his request had been granted in the first three cases, the Honorable Vera M. Scanlon, United States Magistrate Judge, denied the application without prejudice for the later nine because Pierre Augustin had failed to provide adequate information. See, e.g., Order, P&B Capital Grp., No. 14-CV-181 (CBA) (E.D.N.Y. Mar. 6, 2014); Order, Midland Credit Mgmt., No. 12-CV-6071 (CBA) (E.D.N.Y. Jan. 22, 2013), D.E. # 4. For the four most recent cases, he filed perfunctory in forma pauperis applications, and shortly after Magistrate Judge Scanlon had denied them, he paid $1,600 with the Court to allow the cases to proceed.

The pleadings for those 12 cases show that Plaintiff and Pierre Augustin have the same cell phone, address of residence, and email address. Accordingly, the Court finds Plaintiff to be an alias for Pierre Augustin, whom Magistrate Judge Scanlon has warned repeatedly about providing

2

sufficient financial information in his in forma pauperis requests. Plaintiff's decision to use an alias in this case and his pattern of disclosing too little in his applications cause the Court to question the veracity of the financial affidavit in this case. Given Plaintiff's history, the Court finds it difficult to believe that Plaintiff has only $5.64 in his cash or bank account and makes only $100 a week.

The Court therefore denies without prejudice Plaintiff's application to proceed in forma pauperis. Within 14 days of the filing of this Order, Plaintiff must either pay the filing fee or file an amended in forma pauperis application. Any amended in forma pauperis application must contain detailed information as to income Plaintiff received from any sources within the past 12 months. No summons shall issue at this time, and all proceedings shall be stayed for 14 days. If plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal of this Order would not be taken by Plaintiff in good faith. Therefore, the Court denies in forma pauperis status to Plaintiff for the purpose of appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 1, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge